*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY LEE PARRISH,

Defendant-Appellant.

UNPUBLISHED
December 17, 2025
9:28 AM

No. 372130
Tuscola Circuit Court
LC Nos. 2023-016195-FH;
2023-016196-FH;
2023-016327-FH;
2023-016328-FH

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his sentences in various lower court cases. In four different underlying cases, defendant pleaded guilty to: (1) two counts of absconding or forfeiting bond, MCL 750.199a, third-offense habitual offender, MCL 769.11; (2) one count of fourth-degree fleeing and eluding a police officer, MCL 257.602a(2), fourth-offense habitual offender, MCL 769.12; and (3) one count of resisting or assaulting a police officer, MCL 750.81d(1), third-offense habitual offender, MCL 769.11. He was sentenced to 365 days' imprisonment, with 152 days of jail credit, for one absconding conviction; 365 days' imprisonment, with 105 days of jail credit, for the other absconding conviction; 34 months' to 15 years' imprisonment, with 171 days of jail credit, for his fleeing-and-eluding conviction; and 2 to 4 years' imprisonment, with 145 days of jail credit, for his resisting-or-assaulting-a-police-officer conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from defendant's commission of several connected offenses. Over the span of two-and-a-half years, defendant was charged with numerous offenses relating to larceny, unlawful use of a motor vehicle, domestic violence, possession of another's financial transaction

---

[1] *People v Parrish*, unpublished order of the Court of Appeals, entered October 15, 2024 (Docket No. 372130) (RIORDAN, J., dissenting).

device, and destruction of property. Defendant continually evaded arrest for these crimes, and, as a result, was also charged with numerous absconding, fleeing-and-eluding, and resisting-or-assaulting-a-police-officer counts. After defendant was finally apprehended, he pleaded guilty to the above counts in exchange for dismissal of the remaining counts. The trial court sentenced him as noted, and defendant now appeals.

## II. STANDARDS OF REVIEW

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id.* A trial court also abuses its discretion "by violating the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks omitted).

## III. ANALYSIS

Defendant contends that his sentences are unreasonable and disproportionate because the sentencing guidelines did not adequately account for his mental health, substance abuse, and family history. We disagree.

Defendant's sentences are within his guidelines range. Thus, defendant must overcome the rebuttable presumption that his sentences are proportionate. *People v Klungle*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364125 and 367795); slip op at 5. That is, "because defendant's sentences were within his calculated guidelines range, defendant bears the burden of demonstrating the sentences are unreasonable and disproportionate." *Id.* A sentence is reasonable if it is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460 (quotation marks and citation omitted). Trial courts may consider a variety of factors in assessing the proportionality of a sentence including:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as . . . the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019) (quotation marks and citation omitted).]

A trial court, however, is not required to articulate any justification when imposing a sentence within the guidelines minimum range. *People v Posey (On Remand)*, 334 Mich App 338, 355; 964 NW2d 862 (2020).

Defendant contends that his family history, substance use, and mental health issues are mitigating factors not considered by the sentencing guidelines, and should have been given more weight by the trial court when crafting his sentences. But the trial court was not required to consider defendant's mental health or substance abuse history when imposing his sentences. *People v Johnson*, 309 Mich App 22, 34; 866 NW2d 883 (2015), vacated in part on other grounds 497 Mich 1042 (2015). Nor was it "required to expressly or explicitly consider mitigating factors

at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). Even so, the trial court was aware of defendant's family history, substance use, and mental health issues at sentencing. These problems were documented in defendant's presentence investigation report (PSIR), and defense counsel argued that defendant had substance use and mental health issues. The trial court even contacted the mental health court on defendant's behalf during the sentencing hearing.

Moreover, the record belies defendant's claim that his sentences were unreasonable and disproportionate to his particular circumstances. Defendant had an extensive criminal history spanning nearly two decades, and was resistant to services meant to assist him with his mental health and substance use issues. Although defendant expressed remorse for his actions at sentencing, the PSIR noted that defendant downplayed his actions and maintained that he was not guilty. Because the trial court was not required to consider defendant's family history, substance use, or mental health issues when imposing his sentence, and the record clearly demonstrates defendant's lack of remorse, potential for rehabilitation, and his long history of misconduct while in custody, defendant has failed to established that his sentences were unreasonable or disproportionate. Accordingly, he is not entitled to resentencing.

Affirmed.


/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick